## KELSEY v. REPUBLIC SAVINGS & LOAN ASS'N.

(Circuit Court, D. Delaware. May 17, 1901.)

No. 221.

FOREIGN CORPORATION—INSOLVENCY—RECEIVERS—ASSETS IN HANDS OF STATE TREASURER.

The Republic Savings & Loan Association, a corporation of New York, having become insolvent, proceedings were there instituted for its dissolution, and the forfeiture of its rights, franchises and privileges, in the course of which proceedings temporary receivers were appointed. Subsequently the temporary receivers were appointed by this court ancillary receivers for Delaware, and applied for a rule on the state treasurer of Delaware to show cause why he should not be authorized and directed to assign to them certain securities, to be held subject to the order of the court. These securities had been assigned to the state treasurer pursuant to an act of the general assembly as the condition on which the corporation should be permitted to transact business in Delaware. By the act it was provided that such securities were to be held "for the benefit of the shareholders * * * residing in this state"; that they were to remain with the state treasurer "in trust to secure any judgment" which should be obtained against the corporation upon which execution might lawfully be issued against it; and that the state treasurer and his successors in office should "receive and thereafter retain such deposit under this act in trust for the purpose hereof," with power in the corporation to withdraw such securities only on "substituting therefor others of equally good character and value to the satisfaction of the state treasurer." It did not appear that the corporation had been dissolved. *Held*, that the application for the rule must be denied.

(Syllabus by the Court.)

In Equity.

Andrew C. Gray, for receiver.

BRADFORD, District Judge. This is an application by the ancillary receivers, appointed for Delaware, of the Republic Savings & Loan Association, a corporation of the State of New York, for a rule on the state treasurer of Delaware to show cause why he should not be authorized and directed to assign to them certain bonds and mortgages and all papers relating thereto, to be held subject to the order of the court. It appears from the petition for the rule, in connection with the record of the suit in which the ancillary receivers were appointed, that the defendant was organized in 1890 under the laws of New York for the purpose of carrying on the business of a savings and loan association, and thereafter conducted such business in Delaware and elsewhere; that, the defendant becoming

insolvent, proceedings were instituted in June, 1900, in the supreme court of New York by the attorney general of that state for the dissolution of the defendant and the forfeiture of its rights, franchises and privileges, in the course of which proceedings temporary receivers of the defendant were appointed, who are the same persons as the ancillary receivers; and that subsequently the present petitioners were appointed and qualified as ancillary receivers for Delaware. The petition alleges that among the assets of the defendant in Delaware are the bonds and mortgages in question. One of these mortgages covers land in New Jersey, and the others, being two, land in New York. It further appears from the petition that these bonds and mortgages, amounting in the aggregate approximately to $80,000, were in the early part of 1900 assigned by the defendant to the state treasurer of Delaware pursuant to section 6, c. 274, 21 Del. Laws. That section is as follows:

"Section 6. That every building and loan association doing business in this State and created by the laws of any other State, Territory or the District of Columbia, which shall not have more assets in this State than its liabilities to its shareholders residing in this State shall be required to deposit with the State Treasurer good interest bearing or dividend paying securities whose market value shall equal or exceed the liability of such building and loan association to shareholders residing in this State, to be held for the benefit of the shareholders of such building and loan association residing in this State; said securities deposited with said State Treasurer shall remain with him in trust to secure any judgment which shall be obtained against such building and loan association upon which execution may lawfully be issued against such association, said State Treasurer and his successors in office being hereby directed to so receive and thereafter retain such deposit under this Act in trust for the purpose hereof, such association, however, at all times to collect the interest, dividends and profits on such securities, and from time to time withdraw said securities or portions thereof, substituting therefor others of equally good character and value to the satisfaction of the State Treasurer, and such securities and substitutes therefor shall at all times be exempt from and not subject to levy under any writ of attachment, and shall not be subject to any process against such association without at least thirty days notice to such association, specifying the time, place and manner of the sale thereof and the process under which and the purpose for which said securities are to be sold, accompanied with a copy of such process."

It is further alleged in the petition that the assignments to the state treasurer were recorded in the respective record offices and "now stand of record in the name of the State Treasurer of Delaware"; that "the assignments were never formally accepted" by him; that they were executed in an unsuccessful attempt to meet the requirements of the Delaware statute; that there are in Delaware no judgments against the defendant; that the interest on the several mortgages is in arrear; that the principal sum secured by the largest of the mortgages is in danger of loss through the threatened foreclosure of a prior mortgage, unless immediate attention be given the matter by the petitioners; and that "an immediate transfer of these securities to the receivers is absolutely necessary for their protection." This case presents an element of hardship, but I have failed to discover any ground on which, consistently with the principles and procedure observed by this court when sitting in equity, the awarding of the rule prayed for could be justified. It is true that where the

property of an insolvent corporation has been taken out of the custody of its receiver the court has full power by summary procedure to compel its restoration. The custody of the receiver is the custody of the court, and its violation calls for and will receive speedy redress. So, whenever a person withholding the assets of a corporation from its receiver is a party to the cause in which the receiver is appointed, and is consequently bound by the decree directing delivery of possession of such assets to the receiver, should he fail to comply, obedience may be enforced in a summary manner. And equally, where property of an insolvent corporation is withheld from the possession of its receiver by one of its officers in disregard of the decree appointing the receiver and directing the delivery of such property to him by the corporation, its officers and agents, a summary remedy may be resorted to. Here, however, the state treasurer was not a party to the cause nor an officer or agent of the corporation, nor did he take the securities in question out of the receivers' custody. The circumstances, under which a third person may summarily be compelled to deliver property in his possession, alleged to belong to an insolvent corporation, to its receiver, do not here exist. But, further, the defendant, before any proceedings resulting in the appointment of receivers had been instituted against it either in New York or Delaware, assigned the bonds and mortgages to the state treasurer. Thenceforth by express provision of law that official was required to hold the securities "for the benefit of the shareholders * * * residing in this State", and they were to "remain with him in trust to secure any judgment" which should be obtained against the defendant upon which execution might lawfully be issued against it; the "State Treasurer and his successors in office being hereby directed to so receive and thereafter retain such deposit under this act in trust for the purpose hereof", with power in the defendant to withdraw such securities only on "substituting therefor others of equally good character and value to the satisfaction of the State Treasurer." It nowhere appears in the petition or the record that the defendant has been dissolved. Non constat, so far as the facts are disclosed, that the defendant will not hereafter continue the business in Delaware which it has heretofore carried on. Yet it is now sought to compel, through a mere rule to show cause, the state treasurer to permit the withdrawal of the securities without the substitution therefor of others "of equally good character and value", or, indeed, of any other security whatever. If under the circumstances this could be accomplished by a plenary suit in which Delaware shareholders might have the opportunity of joining or intervening as parties,—a point which it is unnecessary to discuss,—it cannot, in my opinion, be effected in the summary mode proposed.

The application for the rule is denied.